IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                  ORDER

Plaintiff,

                                                10-cr-188-bbc

v.                                            13-cv-734-bbc

RICKY PETTY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Ricky Petty has filed a motion for post conviction relief under 28 U.S.C. § 2255. He alleges that the United States had no jurisdiction to try him for a crime committed in Wood and Portage County, Wisconsin.

The first question is whether defendant's motion is timely. Section 2255 has a one-year period of limitations that begins running from the latest of the following dates: (1) the date on which the defendant's conviction becomes final; (2) the date on which any impediment to the filing of the motion has been removed, provided that the impediment was an illegal one created by government action and one that actually prevented the defendant from filing his motion; (3) the date on which the right asserted was recognized initially by the Supreme Court, provided that the right was both newly recognized by the Court and

1

made retroactively applicable to cases on collateral review; or (4) the date on which the defendant could have discovered the facts supporting his claims through the exercise of due diligence. § 2255

Defendant pleaded guilty on July 19, 2011, to one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and was sentenced to a term of imprisonment of 216 months. Defendant appealed his conviction. On appeal, the parties agreed that the case should be remanded for resentencing to give the district court an opportunity to consider whether the 1:1 crack/powder ratio should apply to defendant's sentence. At a resentencing hearing held on April 13, 2012, the court took into consideration the disparity in sentencing for crack and powder cocaine and imposed a sentence of 150 months. Defendant did not appeal his resentencing.

Under § 2255, defendant had one year from the date on which "the judgment of conviction [became] final" in which to bring a post conviction motion. The conviction would have become final 10 days after April 13, 2012, when the time for taking an appeal expired, or April 27, 2012. Therefore, defendant had until April 27, 2013, in which to file a § 2255 motion unless he can show he comes within one of the special circumstances in which the time for filing begins running later. Defendant has not alleged any facts from which an inference may be drawn that any one of those special circumstances applies in his case, and I am aware of none. Therefore, I conclude that defendant's motion is untimely

because it was not filed until October 18, 2013.

Even if defendant's motion were timely, it would fail on the merits. In his motion defendant contends that federal jurisdiction does not extend to Wood or Portage County, Wisconsin and that the federal government cannot prosecute "state" drug crimes. Defendant is wrong. Defendant was prosecuted under 21 U.S.C. § 846, a law that applies throughout the United States. It does not exclude Wood or Portage County, however much defendant might wish it did. As the Court of Appeals for the Seventh Circuit has explained, "it was within the authority of the Congress under the Commerce Clause to create drug laws criminalizing narcotics transactions such as those found under 21 U.S.C. §§ 846 and 841." United States v. Westbrook, 125 F.3d 996, 1009 (7th Cir.1997). The creation of those laws was a valid exercise of congressional authority under the commerce clause because local narcotics activities have a substantial effect on interstate commerce. Id.

Defendant's only basis for challenging his conviction is his belief that federal jurisdiction does not extend to drug crimes committed locally. His belief is not supported by the law. Therefore, even if defendant's motion were timely, it would be denied on the merits.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of

3

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

ORDER

IT IS ORDERED that defendant Ricky Petty's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED as untimely. Defendant is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right.

Entered this 23d day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge